FILED
CLERK, U.S. DISTRICT COURT

10/25/2017

CENTRAL DISTRICT OF CALIFORNIA
BY: ____DL____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| D.B. and S.B., by and through their Guardian Ad Litem, KELLI CLARKE<br><br>Plaintiffs,<br>vs.<br><br>INGRID BREWER, an individual; COUNTY OF LOS ANGELES, a Governmental Entity RABIA MIRZA, an individual; PATRICIA MC QUEEN, an individual; RENEE MARSHALL, an individual; EDMUND PAIK, an individual; ASPIRANET, an unknown business entity; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO.: 2:17-cv-01651 CAS (RAOx)<br><br>Honorable Christina A. Snyder<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING DISCLOSURE OF, AND PROTECTION FOR, CONFIDENTIAL INFORMATION**[1] |

## 1.   A.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be

---

[1] This Stipulated Protective Order is based on the model protective order provided under Magistrate Judge Rozella A. Oliver's Procedures.

warranted. Accordingly, the parties stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

**B.     GOOD CAUSE STATEMENT**

Plaintiffs are minor children and dependents of the Superior Court of the State of California, County of Los Angeles and the subject of Los Angeles County Superior Court Juvenile Case Nos. CK 69471, CK 98554, BT 51929 and BT 51938 ("Juvenile Court"). Information regarding minor children and information contained in the case files of dependents of the juvenile court is highly confidential, private and protected information pursuant to California Welfare & Institutions Code section 827 and other applicable statutes, regulations and law.[2]

**C.     PARTIES' STIPULATION**

The Parties hereby stipulate as follows:

1.     All documents, records and other information regarding Plaintiffs shall be deemed to be Confidential Information subject to the terms of this Stipulation and Protective Order and the Parties shall comply with this Stipulation and Protective Order in connection with their receipt and use of such Confidential Information. Additional records and information may also be deemed to be Confidential Information and subject to all of the terms and conditions of this Stipulation and

---

[2] Pursuant to Cal. Welfare and Institutions Code § 827(a)(1), only a specific set of individuals are allowed to inspect a juvenile dependent's case file. Parties in private litigation involving said juvenile dependent are not entitled to access or review the records for purposes of private litigation without an order from the juvenile court. As such, pursuant to Cal. Welfare and Institutions Code § 827 (a)(2), the parties in private litigation must pursue a juvenile court order by way of a petition requesting that the juvenile court provide access to the juvenile dependent's case file for use in litigation. Until such an order is obtained from the juvenile court, the juvenile case file may not be disseminated by the agencies with access to said records. *See* WIC § 827(a)(4).

Protective Order.

2. Plaintiffs' counsel shall provide counsel for the Parties with a complete copy of all documents and information previously obtained, and as may further be obtained, by Plaintiffs' counsel pursuant to the April 17, 2015 Order of the Los Angeles County Juvenile court entitled "Order Appointing Attorney for Plaintiffs Pursuant to Welfare & Institutions Code § 317(e), Waiver of Confidentiality for Juvenile Court Records Pursuant to Welfare & Institutions Code §§ 317(e) & (f), 827, and 827.9 and California Rules of Court, Rule 5.552 ("April 17, 2015 Juvenile Court Order"). Such production and the receipt of such production shall be made in strict compliance with the terms of the Protective Order.

3. The Parties anticipate petitioning the Juvenile Court pursuant to California Welfare and Institutions Code § 827 for an order disclosing all documents defined as Plaintiffs' "juvenile case file" pursuant to California Rule of Court Rule 5.552. The Parties agree to produce to each other complete copies of all documents and information obtained pursuant to the Juvenile Court's Orders on these § 827 Petitions. All documents and information that may be made available pursuant to the Juvenile Court's Orders on these § 827 Petitions shall be deemed to be "Confidential Information" and shall be treated in strict compliance with the terms of this Protective Order.

4. To the extent that any Party obtains any other records pursuant to California Welfare and Institutions Code §827, the Parties agree to produce to each other complete copies of all documents and information obtained pursuant to the Juvenile Court's Orders on these § 827 Petitions pursuant to the terms of this Protective Order.

5. Plaintiffs hereby expressly authorize all of the Plaintiffs' child care, foster care, adoption, social services, therapy, school and education, and medical and mental health care providers to release to the Parties all of their records regarding Plaintiffs. Plaintiffs further authorize the release of all law enforcement records

relating to Plaintiffs to the Parties. Plaintiffs agree to cooperate in providing further authorizations as may be required by these third-party providers. This authorization shall expire on the date that this Action is dismissed with prejudice or a final judgment is recorded.

6. The Parties intend for the Protective Order to also apply to all other confidential or protected information or material that may be produced in this Action pursuant to the terms of this Protective Order.

7. Nothing in this Stipulation shall require the disclosure, nor allow the discovery, of information and documents protected from discovery by the attorney-client privilege, the work product doctrine, other privileges and protections, or the privacy or other rights of individuals other than Plaintiffs.

8. Upon conclusion of this litigation involving the Juvenile Court's Records, the Parties shall request that the Court seal the Court's file, pursuant to *Navajo Express v. Superior Court of San Mateo County* (1986) 186 Cal. App.3d 981, to maintain the confidentiality of the Juvenile Court's Records.

### D. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The Parties acknowledge, as set forth below, that this Stipulation and Protective Order does not entitle them to file confidential information under seal. Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. [*See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing)], and a specific showing of

good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. [*See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010)] For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

**2. DEFINITIONS**

2.1 **Action**: this lawsuit pending in the United States District Court for the Central District of California captioned *D.B. et al. v. Ingrid Brewer, et al.*, Case No. 2:17-cv-01651-CAS-RAO.

2.2 **Challenging Party**: a Party or Non-Party that challenges the designation of information or items under this Order.

///

2.3 **"CONFIDENTIAL" Information or Items**: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 **Counsel**: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 **Designating Party**: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 **Disclosure or Discovery Material**: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 **Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 **House Counsel**: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 **Non-Party**: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.10 **Outside Counsel of Record**: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.11 **Party**: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 **Producing Party**: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 **Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 **Protected Material**: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," any material required to be kept confidential under the laws of the State of California, and all records produced pursuant to Section C ("Stipulation") of this Stipulation and Protective Order.

2.15 **Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

Nothing in this Order shall be construed to preclude any Party or Non-Party from asserting in good faith that certain Protected Material requires additional protection. The Parties and/or Non-Parties shall meet and confer to attempt to agree upon the terms of such additional protection. Any Party or Non-Party may ask the Court, after appropriate notice, to modify this Order or for other relief.

If a party is added to this Action or a Party is later served in this Action, that Party shall become a Party to, and shall comply with, all of the terms of this Protective Order.

## 4. DURATION

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. [*See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record)] Accordingly, the terms of this protective order do not extend beyond the commencement of the trial for information that is entered into the public record pursuant to court order

For all other information, after Final Disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action with prejudice; or (2) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 **Exercise of Restraint and Care in Designating Material for Protection.** Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2     **Manner and Timing of Designations.** Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing

the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions, that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition.

(c) for information produced in some form other than document form and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 **Inadvertent Failures to Designate.** If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 **Timing of Challenges**. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 **Meet and Confer.** The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose

(e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

    7.1 **Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2 **Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action, including investigators;

    (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

    (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material maybe separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

(j) the Parties' insurance carriers and adjusters; and

(k) any other Person pursuant to order of this Court.

**8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If counsel for a Party is served with, or becomes aware of, a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," counsel for that Party must:

(a) promptly notify in writing counsel for the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) Any Non-Party shall have the right to designate any information that it believes in good faith contains non-public information that is entitled to confidential treatment under applicable law may designate that information "CONFIDENTIAL."

(b) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections or asserting the attorney-client privilege, work product doctrine, or other applicable protections. Nothing in these provisions shall bar the right of any Party or Non-Party from

contesting any such assertion.

(c) In the event that counsel for a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then counsel for the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(d) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.

Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order,

and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12. MISCELLANEOUS

12.1 **Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 **Right to Assert Other Objections.** By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 **Filing Protected Material.** A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

## 13. **FINAL DISPOSITION**

After the final disposition of this Action, as defined herein, within 60 days of a written request by the Designating Party, counsel for each Receiving Party must destroy all Protected Material produced in this Action. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Counsel for the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that affirms that the Receiving Party and its counsel have not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in herein (DURATION).

## 14. **VIOLATION**

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED.

DATED: October 25, 2017          REES LAW FIRM P.C.

By: _____/s/ *Robert A. Rees*_____
ROBERT A. REES
Attorneys for Plaintiffs
D.B. Brewer and S.B. Brewer, by and through their Guardian at Litem, Kelli Clarke

| | | |
|---|---|---|
| 1 | DATED: October 25, 2017 | BELTRAN, BELTRAN, SMITH & MCKENZIE LLP |
| 2 | | |
| 3 | | |
| 4 | | By: _____/s/ *Steven P. Beltran*_____ |
| 5 | | STEVEN P. BELTRAN |
| | | Attorneys for Plaintiffs |
| 6 | | D.B. Brewer and S.B. Brewer, by and |
| 7 | | through their Guardian at Litem, Kelli Clarke |
| 8 | | |
| 9 | DATED: October 25, 2017 | LAW OFFICES OF PETER I. BERSIN |
| 10 | | |
| 11 | | By: _____/s/ *Peter I. Bersin*_____ |
| 12 | | PETER I. BERSIN |
| | | Attorneys for Plaintiffs |
| 13 | | D.B. Brewer and S.B. Brewer, by and |
| 14 | | through their Guardian at Litem, Kelli Clarke |
| 15 | | |
| 16 | DATED: October 25, 2017 | LAW OFFICES OF DAVID J. WEISS |
| 17 | | |
| 18 | | By: _____/s/ *David J. Weiss*_____ |
| 19 | | DAVID J. WEISS, ESQ. |
| | | JAIME E. VERDUCCI, ESQ. |
| 20 | | Attorneys for Defendant, COUNTY OF LOS ANGELES |
| 21 | | |
| 22 | DATED: October 25, 2017 | SEDGWICK LLP |
| 23 | | |
| 24 | | |
| 25 | | By: _____/s/ *Laura L. Goodman*_____ |
| 26 | | LAURA L. GOODMAN |
| | | SHERYL M. ROSENBERG |
| 27 | | Attorneys for Defendant ASPIRANET |
| 28 | | |

DATED: October 25, 2017     HOOPER LUNDY & BOOKMAN PC


By: _____/s/ *Linda Randlett Kollar*_____
     LINDA RANDLETT KOLLAR
     Attorneys for Defendant Aspiranet

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**


DATED: October 25, 2017     *[signature: Rozella A. Oliver]*

     HON. ROZELLA OLIVER
     United States Magistrate Judge

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [*print or type full name*], of _____ [*print or type name of business as applicable*], with an address at _____ [*print or type address, city, state and zip*] and telephone number of _____ [*print or type entire telephone number*], declare under penalty of perjury that I have read in its entirety and understand the Protective Order regarding Disclosure of, and Protection for, Confidential Information issued by the United States District Court for the Central District of California on _____ in the case of *D.B. and S.B., by and through their Guardian Ad Litem Kelli Clarke v. Ingrid Brewer, et al.*, Case No. 2:17-cv-01651-CAS-RAO (the "Protective Order").

I hereby agree to comply with and to be bound by all of the terms of the Protective Order. I understand and acknowledge that failure to so comply may expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any Protected Material or other information that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [*print or type full name*] located at_____ [*print or type full address, city, state and zip*] with a telephone number of _____ [*print or type full telephone number*] as my California agent for service of process in connection with any proceedings related to enforcement of this Protective Order.

Dated: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____